J-S28038-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
v. :
:
ROBERT MICKENS, :
:
Appellant : No. 1662 WDA 2016

Appeal from the PCRA Order September 22, 2016,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0002554-1995
CP-02-CR-0015959-1994

BEFORE:   OLSON, MOULTON, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED JUNE 23, 2017**

Robert Mickens (Appellant) appeals from the September 22, 2016 order which denied his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In May 1995, Appellant was found guilty of, *inter alia*, first-degree murder in connection with the shooting death of John Williams.  Appellant was 24 years old at the time of the shooting.  On May 15, 1995, Appellant was sentenced to life imprisonment.  On direct appeal, this Court affirmed Appellant's judgment of sentence on July 22, 1998.  ***Commonwealth v. Mickens***, 724 A.2d 958 (Pa. Super. 1998) (unpublished memorandum).  Appellant's first PCRA petition was dismissed in 2000, and Appellant's appeal resulted in no relief.  ***Commonwealth v. Mickens***, 792 A.2d 616 (Pa. Super. 2001) (unpublished memorandum), *appeal denied*, 796 A.2d 980

_____
*Retired Senior Judge assigned to the Superior Court.

(Pa. 2002). Appellant filed his second PCRA petition in 2006, the PCRA court dismissed it without a hearing, and the subsequent appeal was unsuccessful. **Commonwealth v. Mickens**, 945 A.2d 765 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 952 A.2d 676 (Pa. 2008).

On March 29, 2016, Appellant filed his third PCRA petition, which is the subject of this appeal. The PCRA court appointed counsel, who subsequently was permitted to withdraw under **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). After giving notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the petition by order of September 22, 2016.

Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925. On appeal, Appellant raises two substantive claims for relief. Appellant's Brief at i.

Before we may consider the merits of Appellant's claims, we must determine whether his PCRA petition was timely filed, as the timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Robinson**, 12 A.3d 477, 479 (Pa. Super. 2011). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545.

- 2 -

It is clear that Appellant's petition is facially untimely: his judgment of sentence became final in 1998. However, Appellant alleges that his petition is based upon a change in the law, referencing ***Miller v. Alabama***, 567 U.S. 460, 132 S. Ct. 2455 (2012); ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016); and ***People v. House***, 72 N.E.3d 357 (Ill. App. 2015). Appellant's Brief at 6. Thus, it appears that Appellant is alleging that the following timeliness exception applies: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

In ***Miller***, the Court held that the application of mandatory sentences of life imprisonment without possibility of parole to individuals who were juveniles at the time they committed homicides was unconstitutional. ***Miller***, 567 U.S. at __, 132 S. Ct. at 2464. In ***Montgomery***, the Court determined that ***Miller*** announced a new substantive rule of law that applies retroactively. ***Montgomery***, 136 S. Ct. at 736.

Appellant was not a juvenile at the time of Williams's murder; rather, he was 24 years old. Accordingly, ***Miller*** and ***Montgomery*** are not applicable to Appellant's petition. ***See Commonwealth v. Furgess***, 149 A.3d 90, 94 (Pa. Super. 2016) ("[P]etitioners who were older than 18 at the time they committed murder are not within the ambit of the ***Miller*** decision

- 3 -

and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii).").

In **House**, the Illinois appellate court held that application of a sentence of life without parole imposed upon House, who was 19 years old and only served as a lookout for the perpetrators of the murders, constituted a violation of the proportionate penalties clause of the Illinois constitution. **House**, 72 N.E.3d at 389.

As stated above, the timeliness exception codified in subsection 9545(b)(1)(iii) applies to new rights recognized by either the United States Supreme Court or the Pennsylvania Supreme Court. It does not apply to the grant of an Illinois-state-constitution-based challenge by the Illinois intermediate appellate court. Hence, Appellant cannot utilize the **House** decision to meet a timeliness exception.

Because Appellant did not plead facts that would establish an exception to the PCRA's timeliness requirements, the PCRA court properly dismissed Appellant's petition without holding a hearing. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of establishing timeliness exception).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 6/23/2017